IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Mohammed Rasheed, and<br>All Others Similarly Situated<br>   Plaintiffs,<br><br>v.<br><br>Miraj Communications, LLC d/b/a Metro PCS, and Ashraf Umar<br>   Defendants. | Civil Action<br>File No. 4:21-cv-<br><br>Jury Demanded |

### PLAINTIFF'S ORIGINAL CLASS COMPLAINT

NOW COME PLAINTIFFS, Mohammed Rasheed ("Mr. Rasheed" or "Plaintiff"), and all others similarly situated, and complain of Defendants Miraj Communications, LLC d/b/a Metro PCS, and Ashraf Umar ("Defendants"). For cause of action, Plaintiffs would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Mohammed Rasheed and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime wages from Defendants Miraj Communications, LLC and Ashraf Umar, and their cellular telephone businesses.

2. Miraj Communications, LLC does business through its multiple locations in Texas and other states as "Metro PCS".

3. In violation of the FLSA, Defendants failed to pay Mr. Rasheed and Members of the Plaintiff Class overtime wages. Mr. Rasheed and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for the Defendants, yet they did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

1

4. The Defendants have a company-wide policy, applied uniformly, that results in the non-payment of employees' overtime wages.

5. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mr. Rasheed and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Mohammed Rasheed**, is a resident of Harris County, Texas. Plaintiff was an employee who worked as a store clerk at Defendants' various Metro PCS stores.

9. **Members of the "Plaintiff Class"** are current and former non-exempt employees of the Defendants who work, or worked, at one or more business establishments (i.e., the Metro PCS cellular retail stores) owned, operated and/or controlled by the Defendants during the relevant period.

10. Defendant, **Miraj Communications, LLC,** is a validly existing New Mexico limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Ashraf Umar, at 11619 Bettyhill Court, Richmond, Texas 77407. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, by operating Metro PCS stores in Texas, this Defendant has engaged in, and currently engages in, business in the State of Texas.

11. Defendant, **Ashraf Umar,** is an individual who may be served with summons and complaint at 11619 Bettyhill Court, Richmond, Texas 77407. This Defendant has acted, directly

or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant is engaged in business in the State of Texas.

12. Whenever this complaint alleges that the Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

13. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

14. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

15. At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

16. At all material times, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

17. Defendants are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

18. At all material times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce because they had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Furthermore, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

20. Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

## V.
### COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co*., 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt*., 2013 U.S. Dist. LEXIS 158948 *15.

22. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc*., 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

23. As such, class certification is appropriate as to all similarly situated store clerks at Defendants' Metro PCS store locations, in that the Defendants operated and controlled these retail cellular businesses where Members of the Plaintiff Class (including Plaintiff Rasheed) are or were employed during the relevant period.

24. Plaintiff seeks notice to issue to all non-exempt employees of the Defendants who together were victims of Defendants' widespread and identical violations of the FLSA.

25. Plaintiff worked overtime hours for which he received no overtime wages.

26. Defendants' wide-spread policy and practice violated the FLSA because it allows the Defendants to avoid payment of their employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

27. By failing to properly document the overtime hours and the related overtime pay owed to Plaintiff and to Members of the Plaintiff Class, the Defendants committed repeated and willful violations of the recordkeeping requirements of the FLSA (29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27).

28. During the class period, the Defendants owned, controlled and operated the aforementioned businesses, and they set this pay policy shared by all of their Metro PCS stores.

29. Defendants' uniform policy of paying their employees straight-time wages for overtime hours worked is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

30. Members of the Plaintiff Class (including Mr. Rasheed) have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

31. Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

32. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

33. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

34. All current and former non-exempt employees employed by business establishments that the Defendants owned / controlled, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

35. Thus, the class Mr. Rasheed seeks to represent is comprised of <u>all store clerks (a) who were paid at a straight-time hourly rate for hours worked in excess of forty in any workweek during the relevant period and (b) who worked or currently work at any Metro PCS or other cellular retail store owned and/or managed now or in the past by Defendant Miraj Communications, LLC and/or Ashraf Umar, or by any legal entity in which Defendant Ashraf Umar has or had an ownership interest or a management interest</u>.

36. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VI.
### FACTS

37. Defendants employed Mr. Rasheed as a store clerk at their Metro PCS cellular stores from January 1, 2018, until November 29, 2018.

38. During his employment, Mr. Rasheed worked overtime hours on a weekly basis, working an average of 12 hours a day, 7 days a week.

39. At the time Mr. Rasheed was hired, Defendants informed him that his pay rate would be $12.00 per hour, and that he would receive no overtime pay.

40. Mr. Rasheed in fact received no overtime pay for the overtime hours he worked on a weekly basis, and he now sues for these unpaid overtime wages.

41. In addition, Defendants promised Mr. Rasheed commissions as a part of his wages.

42. Like Mr. Rasheed, all Members of the Plaintiff Class that seek to be a part of this collective action received no overtime wages because Defendants have a wide-spread policy of paying straight-time wages for overtime worked.

43. The Defendants controlled Mr. Rasheed's terms and conditions of employment, including all decisions pertaining to the payment or non-payment of wages owed to Mr. Rasheed (i.e., non-payment of overtime wages), Mr. Rasheed's hourly pay rate, the number of hours Mr. Rasheed worked during each workweek, and the form of payment of wages (i.e., Mr. Rasheed's wages were paid in cash).

44. The Defendants own(ed), control(led) and/or operate(d) the Metro PCS business establishments where Plaintiff Rasheed and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of such businesses.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

**Violation of the FLSA –
Failure to pay overtime wages to Plaintiff and all others similarly situated**

45. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

46. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

47. Plaintiff and Members of the Plaintiff Class are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

48. During their employment with the Defendants, Mr. Rasheed and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer.

49. Defendants informed Plaintiff and Members of the Plaintiff Class that no overtime would be paid despite being required to work overtime hours on a weekly basis.

50. Plaintiff and Members of the Plaintiff Class received no overtime wages resulting from Defendants' widespread and uniform policy of paying straight-time wages for overtime hours worked.

51. Because Defendants have a widespread policy and practice of not paying their employees' overtime, Defendants and the businesses they controlled committed repeated and willful violations of 29 U.S.C. § 201, *et seq*.

52. As such, Mr. Rasheed and the similarly situated Members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

53. Additionally, pursuant to 29 U.S.C. §216(b), Plaintiff and Members of the Plaintiff Class seek liquidated damages in amounts equaling their unpaid overtime wages.

54. Further, Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states, in part, that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

55. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

56. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mohammed Rasheed and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief against Defendants Miraj Communications, LLC d/b/a Metro PCS and Mr. Ashraf Umar, jointly and severally, as follows:

a. Authorize issuance of notice to all of Defendants' similarly situated employees who were employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages;

c. Declare the Defendants' violations of the FLSA are willful;

d. Order Defendants to pay unpaid overtime wages and liquidated damages to Plaintiff and to Members of the Plaintiff Class;

e. Order Defendants to pay all reasonable attorney's fees and costs pursuant to the FLSA, 29 U.S.C. §216(b);

f. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff and Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

Attorney for
Plaintiff Mohammed Rasheed, and
Members of the Plaintiff Class